I fully concur in the majority's analysis and disposition of appellant's first two assignments of error. I further concur in the majority's analysis and disposition of appellant's third assignment of error as it pertains to appellant's causes of action for sexual discrimination and retaliation. However, I respectfully dissent from the majority's conclusion appellee Western Reserve Mutual Casualty Company does not provide coverage for appellant's claim of defamation. Appellant's claim of defamation presents a personal injury claim in contrast to a bodily injury claim. The insurance policy at issue contained an endorsement specifically providing liability coverage for personal injury arising out of the oral or written publication of material that slanders or libels a person or organization. See, Endorsement GL-102ED1-87. The "accidental" occurrence language and exclusionary provision noted by the majority relate only to bodily injury or property damage claims. They do not preclude coverage for appellant's personal injury claim for defamation, for which coverage is specifically extended in the endorsement noted supra.